UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARLOS SELLS                                    CIVIL ACTION

VERSUS                                          NO. 18-12361

KELSEY BREHM AND                                SECTION M (3)
STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiff Carlos Sells ("Sells").[1] Defendants Kelly Brehm ("Brehm") and State Farm Mutual Automobile Insurance Company ("State Farm") (collectively, "Defendants") oppose the motion.[2] Having reviewed the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

## I.   BACKGROUND

Sells filed this action against Defendants in the Civil District Court for Orleans Parish, State of Louisiana ("CDC"), alleging Louisiana state-law claims arising out of an automobile accident.[3] Specifically, Sells alleges that on October 20, 2017, he was travelling eastbound on Magazine Street in New Orleans when Brehm, who was traveling in the same direction, rear-ended his vehicle, causing him "severe and disabling injuries."[4] Sells alleges that Brehm's negligence caused the accident.[5] As to his injuries, Sells alleges that he sustained:

1.      Multiple bruises, head, neck, back, and soft tissue injuries;

2.      Strain, sprain, and other hurt and damage to the entire body, including the back and neck, the spine, bones, joints, nerves, tendons, ligaments joint capsules, cartilages, muscles, facia and other soft tissues;

---

[1] R. Doc. 7.
[2] R. Doc. 11.
[3] R. Doc. 1-1 at 1.
[4] *Id.*
[5] *Id.* at 2.

3.      Injuries to the head, brain and nervous system;

4.      Severe headaches, emotional upset and distress and other psychological sequelae, including shock;

5.      Cervicalgia;

6.      Post-traumatic headache;

7.      Sprain of jaw;

8.      C3-4 right lateral disk herniation extending into the right neural foramina;

9.      Thoracic spine sprain; and

10.     Non-specific lumbar spine straightening with muscular spasm.[6]

Sells further alleges that his "damages do[] not exceed the total sum of $75,000.00, exclusive of interest and costs."[7]

On December 4, 2018, Defendants removed this suit to this Court alleging diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[8] Sells filed a motion to remand arguing that the amount in controversy is not satisfied, and attaching a stipulation in which he agreed to waive and not demand any damages in excess of $75,000, exclusive of interest and costs.[9]

## II.     PENDING MOTION

Sells filed the instant motion to remand arguing that Defendants did not meet their burden of demonstrating that the minimum amount in controversy was satisfied as of the date of removal because he stated in his complaint that his damages do not exceed $75,000 and filed a stipulation relinquishing his right to seek damages in excess of $75,000.[10] Sells further states that, at the

---

[6] *Id.* at 2-3.
[7] *Id.* at 3.
[8] R. Doc. 1.
[9] R. Docs. 7 & 7-2 (Sells specifically agreed "to waive, release and remit his claim against [Defendants] to exceed damages in the amount of $75,000.00," "that any judgment in excess thereof shall be reduced to $75,000.00, exclusive of interest and costs," "to be bound by this stipulation and that he is precluded from demanding damages in state court in excess of $75,000.00, exclusive of interest and costs," "that any judgment in excess thereof shall be reduced to $75,000.00, exclusive of interest and costs," "that [his] case is worth $75,000.00 or less," and "that the most [he] can recover is $75,000.00, exclusive of interest[] and costs").
[10] R. Doc. 7.

time of removal, his medical expenses totaled $7,565.00, and it is unlikely that his future medical expenses and other special and general damages would total more than $67,435.01.[11]

Defendants oppose the motion arguing that the description of Sells' injuries contained in the petition makes it apparent, if not establishes, that there is more than $75,000 in controversy.[12] Defendants also argue that Sells' stipulation is immaterial because it is not an irrevocable renunciation of any damages over $75,000.

## III.    LAW & ANALYSIS

### A.  Remand Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  The federal district courts have original subject-matter jurisdiction based on diversity of citizenship when the cause of action is between "citizens of different States" and the amount in controversy exceeds the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).  Subject-matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  "Any ambiguities are construed against removal and in favor of remand to state court[,]" and "[t]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013) (citations omitted).

Because plaintiffs in Louisiana state courts may not plead a specific amount of damages, the Fifth Circuit has "established a clear analytical framework for resolving disputes concerning

---

[11] *Id.*

[12] R. Doc. 11.  Defendants further argue that Sells' motion to remand was untimely because it was filed more than thirty days after removal.  However, Sells' motion raises a jurisdictional, not procedural, defect.  As Defendants acknowledge, *id.* at 5, there is no time limit for filing a motion to remand due to lack of subject-matter jurisdiction.  28 U.S.C. § 1447(c).

the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 882-83 (5th Cir. 2000). In these cases, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or (2) by setting forth facts, preferably in the removal petition or sometimes by affidavit, that support a finding of the requisite amount. *Id.* If it is apparent on the face of the petition "that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* at 883.[13] However, if the petition is ambiguous as to whether the requisite amount in controversy is satisfied, a district court may consider a post-removal affidavit that clarifies the original complaint. *Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia v. Dow Química de Colombia, S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhgras*, 145 F.3d 211, 214 (5th Cir. 1998), *rev'd on other grounds*, 526 U.S. 574 (1999).

If the removing defendant meets its burden, the plaintiff can defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). When there is no applicable statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar*, 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)).

---

[13] In addition, if the removing defendant is unable to show that the requisite amount in controversy is facially apparent, it may delineate in the notice of removal, or a post-removal affidavit, facts that support a finding of the requisite amount. *See, e.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

In this case, Defendants have not met their burden of demonstrating that the amount in controversy is satisfied. Although Sells' petition contains a laundry list of injuries, there is no indication of the manifestation, nature, extent, or severity of the alleged injuries. Thus, the petition is ambiguous as to whether the minimum jurisdictional amount is in controversy. Further, Sells represented in his petition that his damages do not exceed $75,000, and filed a stipulation in the record in which he renounces the right to recover more than that amount, exclusive of interest and costs.[14] Because the state-court petition is ambiguous as to the amount in controversy, this Court may consider the post-removal stipulation as a clarification of the amount in controversy. Thus, this court lacks diversity subject-matter jurisdiction and remand is appropriate. *See, e.g., Chamberlain v. Evolution Ins. Co.*, 2019 WL 1091320, at *1 (E.D. La. Mar. 8, 2019) (remanding for lack of the requisite amount in controversy on basis of stipulation binding plaintiff to such a representation and a renunciation of an award in excess of $75,000).

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Sells' motion to remand is GRANTED and this matter is REMANDED to CDC.

New Orleans, Louisiana, this 23rd day of May, 2019.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[14] Sells' stipulation that the amount in controversy does not exceed $75,000 and his waiver of entitlement to any award in excess of $75,000 constitute "judicial confessions" that are binding on him. *See Maze v. Protective Ins. Co.*, 2017 WL 164420, at *3 (E.D. La. Jan. 17, 2017) (citing *Engstrom v. L-3 Commc'ns Gov't Servs., Inc.*, 2004 WL 2984329, at *4 (E.D. La. Dec. 23, 2004)).